UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PATRICK J. MALONEY<br>7757 Century Farms Road<br>Felton, PA 17322<br><br>      Plaintiff,<br><br>   v.<br><br>CHILDREN'S NATIONAL HOSPITAL<br>111 Michigan Avenue, N.W.<br>Washington D.C. 20010<br>  And<br>MARIAN J. KOLODGIE, CPNP<br>1730 West St.<br>1st Floor, Suite 100<br>Annapolis, Maryland 21401<br><br><u>Serve:</u><br>Risk Management<br>c/o Mary Anne Hilliard, Esquire<br>111 Michigan Avenue, N.W.<br>Washington D.C. 20010<br><br>      Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

**COMES NOW,** Plaintiff, Patrick Maloney, by and through his attorneys, Gilbert F. Shelsby, Jr., Esquire and Shelsby and Leoni, P.A., and hereby brings this action against the Children's National Hospital and Marian Kolodgie, CPNP, and in support of their claim, respectfully states as follows:

**Parties and Jurisdiction**

1.  Plaintiff, Patrick Maloney, is a citizen and resident of the State of Pennsylvania with an address of 7757 Century Farms Road, Felton, PA 17322.

2. Defendants, Children's National Hospital is a Washington D.C. hospital corporation with its principal place of business located in Washington, D.C. Service is proper at 111 Michigan Avenue, N.W. Washington D.C. 20010.

4. Defendant, Marian J. Kolodgie, CPNP ("Nurse Kolodgie") is a board-certified nurse practitioner who at the time of the care and treatment in question was duly licensed to practice medicine in the State of Maryland, specializing in the practice of pediatric nursing, who provided care and treatment to Plaintiff.

5. Nurse Kolodgie maintains professional offices at 1730 West St. 1st Floor, Suite 100, Annapolis, Maryland 21401. Children's National Hospital also owns and operates a medical office at that location.

6. At all pertinent times relevant to this litigation, Nurse Kolodgie was an agent, servant and employee of Children's National Hospital, acting within the scope of her employment.

7. At all times relevant to the allegations contained in this Complaint, Children's National Hospital held itself out to the public in general and specifically to Plaintiff as competent to provide medical services through its respective agents, servants and employees, all who acted within the scope of their authority.

8. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. §1332 as the alleged medical negligence of the Defendants occurred in the State of Maryland and there is diversity of jurisdiction as the Defendants are residents of Maryland and the District of Columbia and the Plaintiff is a resident of the State of Pennsylvania. As well, the amount in controversy exceeds $75,000.00.

9. The amount in controversy is in excess of the required jurisdictional amount of $30,000 for claims subject to the jurisdiction of the Health Care Alternative Dispute Resolution

Office. Plaintiff filed a Statement of Claim and the required Certificates of Qualified Experts and Request for Waiver of Arbitration. On February 7, 2023, an Order of Transfer was issued. See Exhibit "A".

10. At all times relevant to this litigation, Children's National Hospital and Nurse Kolodgie provided medical treatment to the Plaintiff.

## Facts Common to all Counts

11. Plaintiff adopts and incorporates the previous paragraphs as if fully set forth herein.

12. The Defendants, Children's National Hospital and Nurse Kolodgie, owed to the Plaintiff, a duty to exercise that degree of care, skill and judgment ordinarily expected of a reasonably competent practitioner of their chosen specialty acting in the same or similar circumstances which duty includes the performance of appropriate evaluations, adjustment to the course of treatment in response to such evaluations and reasonable actions to protect the Plaintiff's safety.

13. That as of the early fall of 2019, Plaintiff was a 17-year-old senior at Kennard-Dale High (within the South Eastern School District) with a 4.2 GPA. Before the fall of 2019, Plaintiff was a happy and healthy student who had engaged in normal activities.

14. That Plaintiff was also an all-star player on the high school's football team.

15. That Plaintiff had a seizure disorder (primary generalized epilepsy) which, according to the Defendants, did not interfere with his ability to play certain sports including football.

16. That on September 13, 2019, Plaintiff sustained a significant concussion at a high school football game, resulting in, *inter alia,* a headache with ringing ears, nausea, blurry vision, issues with focusing and concentration, difficulty completing schoolwork, and drowsiness.

17. That he presented to Wellspan Urgent Care on September 15, 2019, with a headache, nausea, and blurry vision.

18. That on September 25, 2019, Plaintiff was evaluated at Children's National by Nurse Kolodgie for his concussion.

19. That Plaintiff had been seen multiple times in the past by Nurse Kolodgie at Children's National relating to his underlying epilepsy condition and other issues.

20. That at his September 25, 2019 visit, Nurse Kolodgie noted that Plaintiff had suffered a concussion two weeks prior, but did not order any head imaging studies, despite his known seizure disorder and ongoing concussion related symptoms.

21. That Nurse Kolodgie did not request a neurological consult, her decision-making was not supervised by a neurologist or other physician, and a neurologist or other physician did not evaluate Plaintiff.

22. That Nurse Kolodgie indicated that when Plaintiff could tolerate thirty (30) minutes of aerobic activity, he could return to his normal play schedule.

23. That this recommendation for return-to-play disregarded key steps and other written provisions in return-to-play concussion protocol, per the standard of care.

24. That Defendants prematurely cleared Plaintiff to play football, contrary to the standard of care as well as appropriate and safe athletic standards and practices.

25. That Plaintiff returned to playing football as "normal" on or around the second week of October 2019.

26. That on October 25, 2019, Plaintiff experienced signs and symptoms consistent with a concussion in the middle of a football game.

27. That after alerting his coaches, he walked off the field with difficulty and vomited.

28.     That Plaintiff was transported to York Hospital around 9:35 PM and arrived around 10:15 PM, well over an hour after his event had initially occurred.

29.     Upon admission, he was found to have dilated nonreactive pupils and a Glasgow coma scale score of 3.

30.     Studies demonstrated a right-sided subdural hemorrhage measuring up to nine (9) millimeters in thickness, scattered subarachnoid hemorrhage, and a midline shift up to seven (7) millimeters.

31.     Plaintiff underwent an emergency craniotomy and was transferred to Hershey Medical Center on October 26, 2019, where he remained until December 24, 2019.

32.     To date, Plaintiff suffers from the permanent effects of his traumatic brain injury, including cognitive deficits, extensive rehabilitation and other therapies, the sudden need for disability accommodations and other academic assistance, speech deficits, and reduced use of the left side of his body.

33.     The negligence as detailed above of Defendants Children's National Hospital and Nurse Kolodgie, was the proximate cause of Plaintiff sustaining traumatic brain injury leading to pain, suffering, and other permanent injuries.

34.     That had the actions set forth herein been initiated as required by the standard of care, Plaintiff's condition would have been appreciated, appropriate measures would have been taken in a timely fashion, and he would have avoided his traumatic brain injury and corresponding deficits, including, but not limited to, cognitive deficits; lung aspiration; brain hemorrhage; the need for ongoing rehabilitation and other therapies; speech and motor deficits; reduced use of the left side of his body; and the need for disability accommodations and other academic assistance.

## COUNT I
### (MEDICAL NEGLIGENCE)

35. Plaintiff, adopts and incorporates the previous paragraphs as if fully set forth herein.

36. The Defendants, individually and through their agents (actual and/or apparent) servants and employees owed claimant a duty to exercise that degree of skill and care appropriate for reasonably competent healthcare providers in the same or similar circumstances.

37. In their care and treatment of the Plaintiff, the Defendants, failed to exercise that degree of skill, care and diligence, which reasonably competent healthcare providers would have exercised under the same or similar circumstances, and breached the applicable standard of care and were negligent in their:

   a. failing to conduct a complete workup, including proper neurological evaluation, of Plaintiff's concussion despite his recent head trauma, seizure disorder, and other signs and symptoms;

   b. failing to recommend and/or order additional follow-up for Plaintiff's concussion despite his recent head trauma, seizure disorder, and other signs and symptoms;

   c. failing to timely and appropriately order and/or recommend imaging studies despite Plaintiff's recent head trauma, seizure disorder, and other signs and symptoms;

   d. failing to ensure Plaintiff was seen by a physician in light of his recent head trauma, seizure disorder, and other signs and symptoms;

   e. failing to ensure Plaintiff was seen by a neurologist in light of his recent head trauma, seizure disorder, and other signs and symptoms;

   f. failing to appropriately follow return-to-play protocols per the standard of care;

  g. negligently clearing Plaintiff to play sports before he was free from the risk of further harm and concussion-related signs and symptoms;

  h. negligently causing and/or increasing the risk of harm as set forth herein; and,

  i. were otherwise negligent as discovery discloses.

38. That as a result of the breaches in the standard of care and not properly evaluating Plaintiff, not properly addressing the seriousness of the Plaintiff's condition, and not providing appropriate care, the Claimant sustained permanent brain damage.

39. That if the Defendants had complied with the standard of care, Plaintiff, Patrick Maloney, would not have sustained permanent brain injury.

40. As a direct and proximate result of the foregoing negligence on the part of Defendants, Plaintiff sustained severe, painful, permanent, and disabling injuries and has suffered and will continue to suffer injuries including, but not limited to:

  a. traumatic brain injury and cognitive deficits;

  b. lung aspiration;

  c. brain hemorrhage;

  d. the need for ongoing rehabilitation and other therapies;

  e. speech and motor deficits;

  f. reduced use of the left side of his body;

  g. the need for disability accommodations and other academic assistance;

  h. past and future physical pain and suffering;

  i. past and future emotional distress;

  j. disfigurement;

  k. embarrassment;

       l. past and future loss of life's pleasures;

       m. future loss of earning and earning capacity; and

       n. past and future medical expenses

41. Had the Defendants adhered to the standard of care, Plaintiff would have avoided all his injuries.

**WHEREFORE,** Plaintiff, Patrick Maloney, demands that a judgment be entered against the Defendants, Children's National Hospital and Nurse Kolodgie, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

Respectfully submitted,

**SHELSBY & LEONI**

<u>*/s/Gilbert F. Shelsby, Jr.*</u>
Gilbert F. Shelsby, Jr., Esquire
*(Member of the Maryland Bar)*
221 Main Street
Wilmington, DE  19804
*AIS #8501010560*
302-995-6210
gshelsby@mslde.com

DATE:  March 6, 2023

## **REQUEST FOR JURY TRIAL**

**COMES NOW,** the Plaintiff, Patrick Maloney, by and through counsel, Gilbert F. Shelsby, Jr., Esquire and Kline and Spector, P.C., and hereby demands a trial by jury on all issues.

Respectfully submitted,

**SHELSBY & LEONI**

*/s/Gilbert F. Shelsby, Jr.*
Gilbert F. Shelsby, Jr., Esquire
*(Member of the Maryland Bar)*
221 Main Street
Wilmington, DE  19804
*AIS #8501010560*
302-995-6210
gshelsby@mslde.com